OPINION. Harron, Judge: The chief question presented by the pleadings is whether petitioners Berg and Allenberg should have included in income for 1942 and 1943 the amounts which their employer, the Berg-Allenberg corporation, contributed in 1942 and 1943 to the trustees of the pension trust for payment of annuity contract premiums under the trust agreement of June 30, 1940, which contributions were applied by the trustees for the purchase of annuity contracts for their benefit. In the petition of Berg, the additional, alleged income in question is $23,504 in each of the years 1942 and 1943; and in the petition of Allenberg, the amount in question is $17,034 in each of those years. These proceedings were submitted to the Court for decision prior to the enactment of Public Law No. 378, “An Act to amend certain provisions of the Internal Revenue Code,” which was approved on October 25, 1949,[1] Section 5 (a) of this act added a new subsection, (d), to section 165 of the Internal Revenue Code “to provide that contributions to certain employee annuity trusts by employers shall not be included in the income of the employees in the year in which the contributions were made, despite the fact that such trusts are not qualified under section 165 (a).” Report No. 831, Committee on Finance of the Senate, 81st Cong., 1st sess., p. 4. Section 5 (b) of this act makes new subsection (d) applicable to taxable years beginning after December 31, 1938. Although the petitioners have contended at all times that the pension trust involved qualified in 1942 and 1943 under section 165 (a) of the Internal Revenue Code as a tax-exempt employees’ trust, so as to relieve them from having to include in their individual income for 1942 and 1943 any sum which their employer contributed to the pension trust for purchase by the trustees of retirement annuity contracts for their benefit, they now rely upon subsection (d) of section 165 of the Internal Revenue Code, which was added by section 5 (a) of Public Law No. 378, as affording them relief from the respondent’s determination in these proceedings. The provisions of the new subsection (d) of section 165 are set forth in the margin.[2] The pleadings permit our giving consideration to this contention of the petitioners, which has been made in a memorandum supplementing their briefs. The facts show that the three conditions of subsection (d) which are the chief prerequisite for the relief given were compiled with: The contributions of the Berg-Allenberg corporation which are in question in these proceedings were applied by the trustees for the purchase of annuity contracts for Berg and Allenberg; and they were made pursuant to a written agreement entered into prior to October 21, 1942, between the employer and the trustees. The petitioners, Berg and Allenberg, were not entitled during their lifetime to any payments under the annuity contracts purchased by the trustees other than annuity payments. A further condition is met: The petitioners, Berg and Allenberg, were in the employ of the corporation and were covered by the pension trust agreement prior to October 21,1942. It is concluded, therefore, that the chief question in these proceedings is disposed of by the provisions of subsection (d) of section 165. Under the provisions thereof, the amount of $23,504 shall not be included in the income of Berg in 1942 or in 1943; and the amount of $17,034 shall not be included in the income of Allenberg in 1942 or in 1943. The respondent’s determination is reversed. Under the above holding it is unnecessary to consider other questions which have been presented which relate to whether the pension trust was tax-exempt in 1942 and 1943 under section 165 (a) (1) and (2). Decisions will be entered under Rule 50. H. R. 5268, known as the “Technical Changes Bill.” (d) Cebtain Employees’ Annuities. — Notwithstanding subsection (c) or any other provision of this chapter, a contribution to a trust by an employer shall not be included In the Income of the employee in the year In which the contribution Is made if— (1) such contribution is to be applied by the trustee for the purchase of annuity contracts for the benefit of such employee; (2) such contribution is made to the trustee pursuant to a written agreement entered Into prior to October 21, 1942, between the employer and the trustee, or between the employer and the employee; and (3) under the terms of the trust agreement the employee Is not entitled during his lifetime, except with the consent of the trustee, to any payments under annuity contracts purchased by the trustee other than annuity payments. The amount so contributed by the employer shall not constitute consideration paid by the employee for such annuity contract in determining the amount of annuity payments required to be included in his gross income under section 22 (b) (2) ; except that if the tax imposed by this chapter for any taxable year beginning before January 1, 1949, has been paid by the employee with respect to such contribution for such year, and not credited or refunded, the amount so contributed for such year shall constitute consideration paid by the employee for such annuity contract. This subsection shall have no application with respect to amounts contributed to a trust after June 1, 1949, if the trust on such date was exempt under subsection (a). For the purposes of this subsection, amounts paid by an employer for the purchase of annuity contracts which are transferred to the trustee shall be deemed to be contributions made to a trust or trustee and contributions applied by the trustee for the purchase of annuity contracts; the term “annuity contracts purchased by the trustee” shall include annuity contracts so purchased by the employer and transferred to the trustee; and the term “employee” shall include only a person who was in the employ of the employer, and was covered by the agreement referred to in paragraph (2), prior to October 21, 1942.